JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-16-06624-RGK (SSx) | Date | November 23, 2016 |
|---|---|---|---|
| Title | *Erik Beltran v. Wells Fargo Bank, N.A. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order re: Beltran's Motion to Remand (DE 10)

## I.   INTRODUCTION

On August 2, 2016, Erik Beltran ("Plaintiff") filed a Complaint against Wells Fargo Bank ("Defendant") in Los Angeles County Superior Court. Plaintiff asserted the following claims: (1) Violation of Homeowner's Bill of Rights (Civ. Code § 2923.6(c)); (2) Violation of Homeowner's Bill of Rights (Civ. Code § 2923.7); (3) Intentional Misrepresentation; (4) Negligence; (5) Violation of Business and Professions Code § 17200; (6) Promissory Estoppel; and (7) Breach of Duty of Good Faith and Fair Dealing. On September 2, 2016, Defendant removed the action to federal court, asserting diversity jurisdiction.

Currently before the Court is Plaintiff's Motion to Remand case to Los Angeles County Superior Court. For the following reasons, the Court **GRANTS** Defendant's Motion.

## II.   FACTUAL BACKGROUND

Plaintiff alleges the following facts.

In 2007, Plaintiff obtained a mortgage loan from Wells Fargo Bank and purchased a residence located at 6926 Etiwanda Ave., Reseda California 91335. In 2014, Plaintiff submitted a loan modification application, stating an income of approximately $6,000 per month. On August 2014, Plaintiff's application was denied due to insufficient income.

In 2015, Plaintiff's financial situation changed when his sister moved into Plaintiff's home and started paying rent. Plaintiff contacted Defendant and inquired about requesting a new loan modification based upon the material change in his financial circumstances. Defendant's representative told Plaintiff that his chances of receiving a loan modification looked promising, but he needed to send in the application soon. Plaintiff immediately filled out the application and sent various other financial documents. Defendant informed Plaintiff that it would continue to work with him throughout the loan modification application process and would not initiate foreclosure proceedings while Plaintiff worked to complete his loan modification application. Eventually, Plaintiff was informed that his application was complete.

On November 17, 2015, Plaintiff received two denials of his application stating that the reason was that his gross income was too high.

On March 10, 2016, Defendant recorded a Notice of Default against the property, indicating Plaintiff was $112,596.73 in default. Subsequently, Defendant recorded a Notice of Trustee's Sale indicating that the property would be sold on July 7, 2016.[1]

In May 2016, Plaintiff submitted a new loan modification application. In June 2016, Defendant informed Plaintiff that documents were missing from his application. Plaintiff informed Defendant that he had already provided most of the missing documents and sent the remaining requested documents. Subsequently, Defendant told Plaintiff that since it had been over 30 days since he had first applied, he would have to restart the process and send in a new application.

In June 2016, Plaintiff submitted a new complete application based upon the documents he had sent 30 days earlier. He was told certain documents were missing. Plaintiff subsequently provided the documents and requested that Defendant postpone the July 7th foreclosure sale date pending review. Defendant informed Plaintiff that since his application was not complete, there was no guarantee the sale date would be postponed.

On August 2, 2016, Plaintiff filed a Complaint against Defendant. The relief sought includes: exemplary and punitive damages, economic and noneconomic damages, accounting of all amounts paid by and owed to Plaintiff and Defendant, equitable relief including an Order for Defendant to rescind all Notices of Default against Plaintiff and to restore Plaintiff's credit, a declaration that the Defendant's efforts to foreclose on the property is wrongful, interest, and costs and expenses.

On September 2, 2016, Defendant removed the action based on diversity jurisdiction. On September 26, 2016, Plaintiff filed the current motion to remand.

### III. JUDICIAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. 1441(a). A removing defendant bears the burden of establishing that removal was proper, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. . . . The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). A district court must remand a case to

---

[1] The Court notes that The Notice of Trustee's Sale states July 6, 2016 as the foreclosure sale date. (Def's Notice of Removal Ex. I at 126, ECF No 1.)

state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c).

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007); *Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996)(internal citations omitted).

## VI.    DISCUSSION

Defendant asserts that, because Plaintiff seeks a cancellation of the Notice of Default, a declaration that the foreclosure proceedings are wrongful, and an injunction preventing the foreclosure sale, the value of the Property ($461,467.00), loan balance ($411,000.00), or at a minimum, the amount in arrears ($112,596.73) is the object of this litigation. Because each of these amounts exceeds $75,000, Defendant argues the amount in controversy requirement is met. Plaintiff asserts that the Complaint merely seeks a temporary injunction of the foreclosure pending a loan modification and does not seek to invalidate the entire loan. Thus, according to Plaintiff, the Property value, loan balance, or the amount in arrears should not be included in the amount-in-controversy calculation. The Court agrees with Plaintiff.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

In the foreclosure context, "[i]f the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." *Reyes v. Wells Fargo Bank, N.A.*, No. C-10-01667 JCS, 2010 U.S. Dist. LEXIS 113821, at *12-13 (N.D. Cal. June 29, 2010); *see Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (finding that amount in controversy requirement was met based on market value of property where "[t]he whole purpose of this action is to foreclose the Bank from selling the property in the manner contemplated").

However, "[a] number of [district] courts have concluded that enjoining foreclosure temporarily to afford time to remedy alleged statutory violations related to a pending loan modification request does not place the entire value of the underlying loan or property into controversy because the property is not the primary object of the litigation—the loan modification process is the primary focus." *Perryman v. JPMorgan Chase Bank*, N.A., No. 16-cv-00643-LJO-SKO, 2016 U.S. Dist. LEXIS 112550, at *12 (E.D. Cal. Aug. 22, 2016); *see Ortiz v. Seterus, Inc.,* No. LA CV16-01110 JAK (JEMx), 2016 U.S. Dist. LEXIS 66838, at *6–7 (C.D. Cal. May 18, 2016) ("[W]here it is not apparent from the face of the complaint that a plaintiff is seeking to prevent the ultimate sale of the subject property at a foreclosure sale . . . courts have concluded that the value of the property does not determine the amount in controversy."). "Courts have roundly rejected the argument that the amount in controversy is the entire amount of the loan where a plaintiff seeks injunctive relief to enjoin a foreclosure sale pending a loan modification." *Vergara v. Wells Fargo Bank, N.A.*, No. SACV 15-00058-JLS (RNBx), 2015 U.S. Dist. LEXIS 32984, at *5-6 (C.D. Cal. Mar. 17, 2015)(italics omitted); *see also Vonderscher v. Green Tree Servicing,* LLC, No. 2:13-CV-00490-MCE, 2013 U.S. Dist. LEXIS 63136, 2013 WL 1858431, at *4 (E.D. Cal. May 2, 2013); *Landa v. Flagstar Bank*, FSB, No. 10CV1429-L (BGS), 2010 U.S. Dist. LEXIS 69637, 2010 WL 2772629, at *2 (S.D. Cal. July 13, 2010); *Lamas v. Litton Loan Servicing*, No. C 10-05099 MEJ, 2011 U.S. Dist. LEXIS 22297, at *13 (N.D. Cal. Feb. 22, 2011).

According to the Complaint, Plaintiff does not seek invalidation of the mortgage loan or a permanent injunction to prevent foreclosure. Plaintiff seeks only to temporarily enjoin Defendant from initiating the foreclosure process until the loan modification application process has been completed. Thus, contrary to Defendant's assertion, the value of the property and the loan balance are not appropriate measures of the amount in controversy in this case. Moreover, the fact that Plaintiff seeks equitable and declaratory relief that includes rescission of the Notices of Default and foreclosure does not change the analysis for calculating the amount in controversy. *See Gomez v. J.P. Morgan Chase Bank, N.A.,* No. CV 15-03331-AB (MRWx), 2015 U.S. Dist. LEXIS 79654, at *9 (C.D. Cal. June 12, 2015) ("The crux of Plaintiffs' complaint . . . is that they are entitled to a loan modification, and Plaintiffs' passing references to the possibility of losing their home and being forced into foreclosure does not put the value of the Subject Property and/or the balance of Plaintiffs' loan in controversy."); *see also Vonderscher v. Green Tree Servicing, LLC*, No. 2:13-cv-00490-MCE-EFB, 2013 U.S. Dist. LEXIS 63136, at *10 (E.D. Cal. May 1, 2013) ("Contrary to Defendant's argument, the fact that Plaintiffs' complaint includes mention of foreclosure, and indeed seeks to enjoin a potential foreclosure, is not dispositive of whether the loan amount establishes the amount in controversy for purposes of diversity jurisdiction."); *Fisk v. Specialized Loan Servicing LLC,* No. CV 14-4238 FMO (RZx), 2014 U.S. Dist. LEXIS 105048, at *9 (C.D. Cal. July 24, 2014).

Alternatively, Defendant argues that the amount in controversy is satisfied under the Ninth Circuit's "either viewpoint" rule, as it will cost Defendant either the amount in arrears ($112,596.73) or the amount due on the loan ($411,050.65) to comply with the injunction to enjoin foreclosure.

"Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce. . . . In other words, where the value of a plaintiff's potential recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *McCauley v. Ford Motor Co. (In re Ford Motor Co./Citibank (S.D.) N.A.)*, 264 F.3d 952, 958 (9th Cir. 2001); *see Jackson v. Am. Bar Asso.*, 538 F.2d 829, 831 (9th Cir. 1976) ("Where the complaint seeks injunctive or declaratory relief and not monetary damages, the amount in controversy is not what might have been recovered in money, but rather the value of the right to be protected or the extent of the injury to be prevented.").

Here, the cost of temporarily halting foreclosure pending review and determination of Plaintiff's loan modification application does not put the entire loan amount, the value of the subject Property, or even the amount in arrears as the object of litigation. Judgment in favor of Plaintiff would not preclude Defendant from foreclosing the property at a later date. *Cross v. Home Loan Mortg. Corp.*, No. CV 11-04728 DMG (RZx), 2011 U.S. Dist. LEXIS 77032, at *7–8 (C.D. Cal. July 15, 2011) ("Plaintiffs merely seek to temporarily enjoin [the] Bank from foreclosing on their property until it complies with certain procedural requirements that Plaintiffs allege have thus far not been met. A judgment for Plaintiffs in this case would delay—not preclude—any foreclosure sale. Therefore, the amount of the loan and the amount due thereunder are immaterial to the jurisdictional question."); *Essley v. Wells Fargo Bank, N.A.*, No. EDCV 16-1672 JGB (DPx), 2016 U.S. Dist. LEXIS 136312, at *14–16 (C.D. Cal. Sep. 30, 2016); *Gomez v. J.P. Morgan Chase Bank, N.A.*, No. CV 15-03331-AB (MRWx), 2015 U.S. Dist. LEXIS 79654, at *12–13 (C.D. Cal. June 12, 2015). Defendant has failed to provide any evidence regarding its costs for temporarily delaying foreclosure. In the absence of such evidence, the Court cannot reasonably infer that the costs to Defendant for temporarily delaying foreclosure would exceed $75,000.

Accordingly, Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court therefore concludes that it lacks subject matter jurisdiction and **GRANTS** the Motion to Remand.

## VI.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED**. Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court.

**IT IS SO ORDERED.**

                                                                                    :

**Initials of Preparer**